**UNITED STATES of America, Appellee,**

v.

**A. C. PACEE, Appellant.**

**No. 77–2284.**

United States Court of Appeals, Ninth Circuit.

Nov. 8, 1977.

Rehearing and Rehearing En Banc Denied Dec. 23, 1977.

Kevin J. McInerney, San Diego, Cal., for appellant.

John J. Robinson, Asst. U. S. Atty., on the brief, Terry J. Knoepp, U. S. Atty., San Diego, Cal., for appellee.

Before BROWNING, GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM:

A. C. Pacee appeals his conviction of possession with an intent to distribute approximately 129 grams of heroin, in violation of 21 U.S.C. § 841(a)(1). The only question is whether the evidence against appellant was

---

obtained as a result of an illegal border detention. We hold that it was not, and affirm.

On September 11, 1976, at approximately 7:00 p. m., the appellant was stopped while entering the United States at the Calexico, California, Port of Entry, and directed to the secondary inspection area. Appellant's person and vehicle were searched. Neither search produced any contraband. But, due to the appellant's nervousness and a large amount of cash discovered on his person, the customs officers decided to keep the appellant under surveillance. The customs officers detained the appellant with questions until the patrol officers could be notified. After the patrol officers were in position the appellant was released. He left the Port of Entry at approximately 7:30 p. m.

The patrol officers kept appellant under surveillance for the next two days. During this time, appellant made several circuitous trips through the town of Calexico. He made four more trips between Calexico and Mexico, passing through the Port of Entry each time. He took a motel room in Calexico, met several people, and made several telephone calls. Approximately two and a half hours after appellant's last trip to Mexico, the patrol officers approached appellant and, with his permission, searched his car. Heroin was found in the trunk.

Appellant contends that his detention at the Port of Entry in Calexico was unlawful because it took longer than the time necessary to conduct a search. Whether or not the officers had the right to "stall" until the surveillance was in effect, the delay produced no evidence used against Pacee.

Two statutes provide authority for customs officials to stop and search a person or vehicle entering this country. Under 19 U.S.C. § 482, a customs officer may stop, search, and examine any vehicle or person he suspects of carrying merchandise subject to duty or introduced into the United States contrary to law. No probable cause is required. *Alexander v. United States*, 362 F.2d 379 (9th Cir.), *cert. denied*, 385 U.S. 977, 87 S.Ct. 519, 17 L.Ed.2d 439 (1966).

Under 19 U.S.C. § 1582, a customs officer has the authority to detain and search any person coming into the United States from a foreign country. All that is necessary is a reasonable suspicion that the entrant is engaged in activity which violates the customs laws. *United States v. Chavarria*, 493 F.2d 935 (5th Cir. 1974).

Appellant, recognizing the customs officers' right to stop and search him, does not contest his original detention and search. He complains only of the additional ten minute detention after this search produced no contraband. The record indicates that the appellant was still being questioned during this latter period and was not being detained solely to allow a surveillance to be set up. Certainly, given appellant's nervous actions and the large amount of cash, there was a reasonable suspicion which justified additional questioning. We do not believe the detention period was excessive; it lasted only thirty minutes in its entirety. The customs officers violated no law in allowing a reasonable time to elapse.

Furthermore, even if we assume that appellant was unlawfully detained at the border, the heroin was properly admitted into evidence. In order to suppress the evidence, appellant must show that his detention "'tended significantly' to direct the secondary investigation directly toward the evidence in question." *United States v. Brandon*, 467 F.2d 1008, 1010 (9th Cir. 1972). *See United States v. Bacall*, 443 F.2d 1050, 1055–57 (9th Cir.), *cert. denied*, 404 U.S. 1004, 92 S.Ct. 565, 30 L.Ed.2d 557 (1971). If the government shows that the evidence is a product of sufficiently independent sources, it need not be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 487–488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). *United States v. Bacall*, 443 F.2d at 1056.

Appellant has not shown that his original detention at the Port of Entry was significant in leading to the stop and consensual search of his car two days later. Since the customs officers had a description of appellant and his car, he could have been placed under surveillance at any time. Appellant's constant activity in Calexico, and his pas-

sage through the Port of Entry four times during the two days, gave the customs officers a multitude of opportunities to observe him. In all probability, even without the ten minutes of extra detention, the search of appellant's car would still have occurred.

The district court properly denied the motion to suppress the evidence. The district court's judgment is

Affirmed.