NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. MICHAEL JOSEPH GRIFFIN, Defendant - Appellant. | No. 23-774 D.C. No. 3:19-cr-00133-RRB-MMS-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Senior District Judge, Presiding

Submitted May 22, 2024**
Anchorage, Alaska

Before: BYBEE, FRIEDLAND, and MILLER, Circuit Judges.

Following a jury trial, Michael Joseph Griffin was convicted of possession

of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1),

(b)(1)(A), (C), and (D), carrying a firearm during and in relation to a drug

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). He was sentenced to 248 months of imprisonment, to be followed by five years of supervised release. Griffin appeals the district court's pretrial order denying his motion to suppress evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the denial of a motion to suppress, and we review the district court's underlying factual findings for clear error. *United States v. Johnson*, 875 F.3d 1265, 1273 (9th Cir. 2017). Whether a person is "in custody" for purposes of *Miranda* is a "mixed question of law and fact warranting *de novo* review." *United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009) (quoting *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002)); *see Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

1. Griffin contends that Alaska State Trooper Christopher Bitz was required to give *Miranda* warnings before questioning him during a traffic stop. But *Miranda* warnings are required only when a person is "in custody," that is, when he has been "deprived of his freedom of action in any significant way." *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008) (quoting *Miranda*, 384 U.S. at 444). The Supreme Court has clarified that a traffic stop does not necessarily render a driver "in custody" for purposes of *Miranda*. *See Berkemer v. McCarty*, 468 U.S. 420, 441 (1984).

Instead, to determine whether Griffin was in custody, we look to the "totality of facts involved at the time of the alleged restraint." *United States v. Medina-Villa*, 567 F.3d 507, 519 (9th Cir. 2009) (quoting *United States v. Booth*, 669 F.2d 1231, 1235 (9th Cir. 1981)). Relevant factors "include the language used by the officer to summon the individual, the extent to which he or she is confronted with evidence of guilt, the physical surroundings of the interrogation, the duration of the detention and the degree of pressure applied to detain the individual." *Id.* (quoting *Booth*, 669 F.2d at 1235).

Bitz did not use or threaten to use force, draw his weapon, or use threatening language. Furthermore, the traffic stop occurred on a public highway, and Griffin was not handcuffed or arrested at the scene. Although Griffin was not free to leave while Bitz held his driver's license, there are many "scenarios in which a person is detained by law enforcement officers, is not free to go, but is not 'in custody' for *Miranda* purposes." *United States v. Butler*, 249 F.3d 1094, 1098 (9th Cir. 2001). Bitz's detention of Griffin was one such scenario, as the noncoercive and nonthreatening nature of the stop confirm. We agree with the district court that "[n]o . . . circumstances which might transform the stop into a custodial arrest were present."

2. Griffin also argues that Bitz unlawfully extended the traffic stop by questioning him about marijuana distribution and the cash in the car. The proper

length of a traffic stop is determined by reference to the reason the stop was initiated. *See Rodriguez v. United States*, 575 U.S. 348, 354 (2015). An officer may "conduct certain unrelated checks during an otherwise lawful traffic stop," but if those checks prolong the stop, they must be justified by reasonable suspicion. *Id.* at 355; *see also Arizona v. Johnson*, 555 U.S. 323, 333 (2009).

Griffin has not shown that the duration of the stop was impermissible. First, most of the question about "guns, knives, bombs, drugs, [or] anything I need to be concerned about" was appropriate to ensure Bitz's own safety, and the inclusion of the word "drugs," even if not about safety, did not meaningfully extend the stop. *See Rodriguez*, 575 U.S. at 354 (explaining that "the tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop, and attend to related safety concerns" (citation omitted)); *see also Michigan v. Long*, 463 U.S. 1032, 1047 (1983) (recognizing that traffic stops "are especially fraught with danger to police officers"). Second, Bitz's question about marijuana was permissible given what he described as the "super strong" smell of marijuana, which created reasonable suspicion that Griffin may have been transporting large amounts of the drug. Third, Bitz's observation of marijuana buds in individual bags gave him further reason to suspect distribution. Fourth, his observation of a box of ammunition, magazines, and a pistol holster in plain view provided reason for concern and contradicted

4                                                    23-774

Griffin's earlier statement that he did not have weapons. *See United States v. Baron*, 94 F.3d 1312, 1319 (9th Cir. 1996) (explaining that inconsistencies can contribute to reasonable suspicion), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007) (en banc). Finally, the large amounts of cash in the glove box—which Bitz observed while Griffin searched for the vehicle's registration—contributed to his reasonable suspicion that Griffin was engaged in illegal drug activity. *See United States v. Pacee*, 564 F.2d 306, 307 (9th Cir. 1977) (holding that the discovery of a large amount of cash contributed to reasonable suspicion and "justified additional questioning").

Although Bitz's questions were unrelated to Griffin's speeding, they were permissible because the totality of the circumstances gave rise to reasonable suspicion of an independent offense that justified any extension of the traffic stop. *United States v. Taylor*, 60 F.4th 1233, 1242 (9th Cir. 2023); *see Rodriguez*, 575 U.S. at 355. The district court did not err in denying Griffin's motion to suppress.

**AFFIRMED.**